IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEAUX-ARTS GROUP,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **KNOLL, INC.,** | : | |
| *Defendant.* | : | NO. 23-cv-02545 |

**O R D E R**

**AND NOW**, this **20th** day of **August 2024**, upon consideration of Plaintiff's/Counterclaim Defendant's Motion for Partial Summary Judgment (ECF No. 54) and Defendant Knoll, Inc.'s Response in Opposition (ECF No. 56) it is hereby **ORDERED** that the Motion (ECF No. 54) is **DENIED**.[1]

---

[1] Knoll is correct that Beaux-Arts is collaterally estopped from arguing that the forum-selection clause at issue was invalid. For collateral estoppel to apply in this case, "an identical issue must be presented in a prior proceeding; the issue must have been a critical and necessary part of the prior determination; there must have been a full and fair opportunity to litigate that issue; the parties in the two proceedings must be identical; and the issues must have been actually litigated.'" *Crowley Mar. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 931 F.3d 1112, 1126 (11th Cir. 2019) (quoting *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1333 (11th Cir. 2010)).

Each element applies here. The same issue was present in the prior proceeding involving the same parties, where Knoll moved to dismiss on, *inter alia*, the basis that the forum-selection clause in the 2019 Tampa Dealer Agreement was enforceable, and survived the Cessation Agreement as well as the expiration of the 2019 Dealer Agreement. *See* ECF No. 56-5 at 6-11. Beaux-Arts responded that the forum-selection clause in the Dealer Agreement expired with the expiration of that agreement, or alternatively was terminated by the Cessation Agreement. *See* ECF No. 56-6 ¶¶ 15-29. The Florida court ruled that "the forum selection clause in the parties' dealership agreement . . . survives and was not expressly terminated or disclaimed by the parties," and ordered enforcement of the forum-selection clause. ECF No. 50-16.

In the instant motion, Beaux-Arts's central claim is that "the forum-selection clause in the 2019 Dealership Agreement relied on by Knoll was abrogated by the Parties' 2021 Cessation Agreement that specifically terminated the terms and conditions of all prior Dealership Agreements . . . ." ECF No. 54-1 at 1. Although Beaux-Arts raises new arguments, the issues in

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

---

both proceedings "turn on the same legal question." *In re Howard Avenue Station, LLC*, No. 20-cv-2780, 2022 WL 4377506, at *10 (M.D. Fla. Sept. 22, 2022).

The parties had a full and fair opportunity to litigate the issue and evidently did, filing a Motion to Dismiss, Response, and Reply, as well as participating in a hearing before the Florida court on that issue. *See* ECF Nos. 56-5-7; 54-1 at 1; *see also Howard*, 2022 WL 4377506 at *11 (an issue was "actually litigated" when the "same legal question was squarely before the factfinder." (citation omitted)).

The enforceability of the forum-selection clause was a critical issue in the Florida proceeding; indeed, the Florida court granted the motion "solely as it relates to the enforceability and application of the parties' forum-selection clause." ECF No. 50-16.

Accordingly, Beaux-Arts is precluded from arguing that the forum-selection clause in the 2019 dealership agreement was unenforceable, and its motion for partial summary judgment is denied. Beaux-Arts may present any other appropriate defenses at trial.